I hereby certify that this Order was served by First Class mail postage prepaid to Plaintiff, O. Brown, at his most recent address of record in this action on this date.

Dated: 11/30/11

J. Holmes /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE BROWN, | Case No. EDCV 11-1808-CAS (DTB) |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| ROD HOOPS, et al., | |
| Defendants. | |

Plaintiff, who currently is incarcerated at the West Valley Detention Center in Rancho Cucamonga, County of San Bernardino, California, filed this pro se civil rights action on November 2, 2011 in the Southern District of California. On November 7, 2011, the Southern District transferred the action to the Central District of California. The Complaint was filed in this Court on November 16, 2011, after plaintiff was granted leave to proceed without prepayment of the full filing fee by the District Court in the Southern District of California.

The Complaint purports to be brought pursuant to 42 U.S.C. § 1983. Named in the Complaint as defendants are: San Bernardino County Sheriff Rod Hoops and San Bernardino County Sheriffs Deputies A. Mendoza and C. Odien.

1  Plaintiff purports to be seeking compensatory and punitive damages against all
2  defendants.
3  Based on its review of the Complaint, it appears the Complaint is incomplete
4  with respect to the question pertaining to previous federal lawsuits brought by
5  plaintiff. The Court notes that plaintiff has marked "no" to the question "Have you
6  brought any other lawsuits in a federal court while a prisoner?" The Court takes
7  judicial notice of plaintiff's booking number in San Bernardino County, 1102340724,
8  which the Court notes is the same as that of the plaintiff in Brown v. Poncin,
9  EDCV11-1268-CAS (DTB), which is also pending in this Court. The Court further
10 notes that plaintiff has previously filed several matters in this Court (EDCV11-1716-
11 CAS (DTB); EDCV11-1855-UA (DTB); CV11-5415-CAS (DTB)). Therefore, it
12 appears plaintiff failed to accurately inform the Court of his previous lawsuits filed
13 while a state prisoner, information which is relevant for purposes of determining,
14 *inter alia*, whether plaintiff is eligible to proceed in forma pauperis pursuant to 28
15 U.S.C. 1915 (g).
16 The Court further notes that plaintiff may have incorrectly indicated his
17 exhaustion of his state remedies on the Complaint. Plaintiff marked "yes" in response
18 to the question "[i]s the grievance procedure completed?" under the exhaustion of
19 administrative remedies portion of the Complaint. The Court notes that plaintiff
20 alleges that the incident giving rise to the claim in the Complaint occurred on October
21 24, 2011, and that thereafter, plaintiff exhausted his administrative remedies at the
22 institution. (Complaint at 2.) However, the Court also notes that plaintiff executed
23 the Complaint on October 28, 2011, just 4 days after the date of the alleged violation.
24 Under the Prison Litigation Reform Act (the "PLRA"), prisoners pursuing civil rights
25 claims must exhaust their available administrative remedies prior to filing a federal
26 lawsuit. As amended, 42 U.S.C. § 1997e(a) provides:
27 / / /
28 / / /

1        No action shall be brought with respect to prison conditions under
2 section 1983 of this title, or any other Federal law, by a prisoner
3 confined in any jail, prison, or other correctional facility until such
4 administrative remedies as are available are exhausted.

6        Here, the Court is concerned that plaintiff may not have fully exhausted his
7 state remedies in the four day period between the alleged incident date and the
8 signing of the Complaint.

9        Accordingly, on or before **December 27, 2011**, plaintiff is ORDERED to
10 provide the Court with a list of <u>any</u> and <u>all</u> federal lawsuits previously filed by
11 plaintiff, in any federal judicial district, including but not limited to, the Central
12 District of California, including any previous federal lawsuits brought pursuant to 42
13 U.S.C. § 1983. In addition, plaintiff is ORDERED to provide the Court with proof
14 that he has exhausted his administrative remedies with respect to the October 24,
15 2011, incident alleged in the Complaint.

17 DATED: November 29, 2011

_/s/ David T. Bristow_
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE