# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RONNIE BROWN,
Plaintiff,
vs.
ROD HOOPS, et al.,
Defendants.

Case No. EDCV 11-1808-CAS (DTB)

ORDER TO SHOW CAUSE

Plaintiff, while a prisoner at the West Valley Detention Center located in Rancho Cucamonga, California, lodged for filing a pro se complaint on November 2, 2011, in the Southern District of California. On November 7, 2011, the matter was transferred to the Central District of California, Eastern Division. On November 10, 2011, plaintiff filed a Request to Proceed Without Prepayment of Filing Fees With Declaration in Support. On November 16, 2011, the Court granted plaintiff leave to proceed in forma pauperis. Plaintiff's Complaint was filed in this action on November 16, 2011.

Pursuant to the Prison Litigation Reform Action, a prisoner shall not be authorized pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding

without payment of the full filing fee if such prisoner "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

The Court has independently reviewed its docket and has ascertained that plaintiff has previously filed numerous federal lawsuits, and that in at least four (4) of these prior cases, the Court has dismissed plaintiff's actions on the grounds that the complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted. Specifically, the Court has ascertained the following: (1) In Ronnie O'Neal Brown v. Leroy Baca, et al., CV07-819-CAS (DTB) plaintiff, while detained at California State Prison - Folsom, lodged for filing this action. After plaintiff filed his Third Amended Complaint, the action was dismissed for failure to state a claim by Judgment dated January 15, 2010, whereby the District Judge adopted the findings of the Report and Recommendation recommending dismissal with prejudice for failure to state a claim (see Exhibit "A" attached hereto); (2) in Ronnie O. Brown v. Dept. Adult Parole Operations, et al., EDCV08-11-UA (JWJ) plaintiff, while detained at California Institution for Men - Chino, lodged for filing this action. On January 31, 2008, plaintiff was denied in forma pauperis status on the grounds that the claims in the complaint were legally and/or factually patently frivolous (see Exhibit "B" attached hereto) (see also O'Neal v. Price, 531 F.3d 1146, 1155 (9th Cir. 2008) (dismissal of an in forma pauperis application on grounds claims in action are frivolous constitutes a "strike" under 28 U.S.C. § 1915g); (3) in Ronnie O. Brown v. County of San Bernardino Alternative Defense Panel,et al., EDCV08-1295-UA (JWJ) plaintiff, while a state prisoner at North Kern State Prison, lodged for filing this action. On October 6, 2008, plaintiff was denied in forma pauperis status on the grounds that the claims in the complaint were legally and/or factually patently frivolous (see Exhibit "C" attached hereto) (see also O'Neal 531 F.3d at 1155); and (4) in Ronnie O. Brown v. Lee Baca, et al., CV08-6311-UA (JWJ) plaintiff, also

while a state prisoner at North Kern State Prison, lodged for filing this action. On October 3, 2008, plaintiff was denied in forma pauperis status on the grounds that the claims in the complaint were legally and/or factually patently frivolous (see Exhibit "D" attached hereto) (see also O'Neal, 531 F.3d at 1155)

As referenced above, in each of the cases cited herein, plaintiff alleged that he was incarcerated at the time each of the actions referenced herein were filed.

Accordingly, on or before **February 17, 2012**, plaintiff is ORDERED to show cause as to why the order granting him in forma pauperis status in this matter should not be vacated pursuant to 28 U.S.C. § 1915(g), and that the action dismissed without prejudice pending payment of the full filing fee of $350.00.

DATED: February 2, 2012

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE O. BROWN, Plaintiff, vs. LEROY BACA, et al., Defendants. | Case No. CV 07-819-CAS (DTB) **JUDGMENT** |

Pursuant to the Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge,

IT IS HEREBY ADJUDGED that defendant's Motion to Dismiss is granted and Judgment be entered dismissing this action without leave to amend and with prejudice.

DATED: January 15, 2010

Christina A. Snyder

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE O. BROWN, Plaintiff, vs. LEROY BACA, et al., Defendants. | Case No. CV 07-819-CAS (DTB) REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Christina A. Snyder, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Plaintiff, a California prisoner presently incarcerated at the California State Prison in Lancaster, filed this pro se civil rights action on February 7, 2007, after being granted leave to proceed in forma pauperis. As best the Court can glean from plaintiff's allegations, the gravamen of plaintiff's claims is that he was denied medication and/or medical treatment for approximately 28 days while plaintiff temporarily was being detained by the Los Angeles County Sheriff's Department ("LACSD"). Plaintiff alleges that, as a result, he suffered severe brain damage.

On July 17, 2009, plaintiff filed a Third Amended Complaint ("TAC"), the operative pleading herein. On July 27, 2009, the matter was transferred to this Court's calendar. In the TAC, plaintiff purports to name as defendants the County of Los Angeles, Sheriff Leroy Baca, and J. McKoun. The only defendant, however, who has been served herein is Sheriff Baca. Plaintiff purports to raise four claims against unspecified defendants: (1) the denial of adequate medical treatment pursuant to the Eighth and Fourteenth Amendments[1]; (2) denial of procedural due process pursuant to the Fourteenth Amendment in connection with LACSD policies regarding prisoner requests for medical care and the filing of grievances; (3) the denial of plaintiff's "right to be heard by prison grievance" purportedly pursuant to the First, Eighth, and Fourteenth Amendments; and (4) the denial of accommodation for plaintiff's blindness pursuant to Title II of the Americans with Disabilities Act ("ADA"). Plaintiff seeks only compensatory and punitive damages.

On July 28, 2009, defendant Sheriff Baca filed a Motion to Dismiss pursuant to Rule 12(b)(6) together with an unenumerated Rule 12(b) Motion with respect to the issue of exhaustion ("Motion"). The Motion is accompanied by a Memorandum of Points and Authorities ("Motion Mem.") and a Declaration of Deputy Christina Shilinga ("Decl. Shilinga") with attached exhibits. Defendant contends that the TAC should be dismissed for the following reasons: (a) plaintiff has failed to allege Sheriff Baca's involvment in the claimed constitutional violations; (b) plaintiff failed to exhaust his administrative remedies for some of his claims; and (c) plaintiff cannot state a claim pursuant to the ADA. Plaintiff filed a 48-page opposition ("Opp.") on

---

[1] The Court notes that, although plaintiff was a detainee at the time of the alleged incidents, his claims of deliberate indifference to his medical needs arise pursuant to the Eighth Amendment because, according to plaintiff, he was at that time a state prisoner in the temporary custody of the LACSD. (<u>See</u> TAC, Ex. A).

September 11, 2009,[2] accompanied by plaintiff's declaration and attached exhibits pertaining to the issue of exhaustion of administrative remedies. Defendants filed a reply thereto on September 25, 2009.

For the reasons set forth below, the Court now recommends that the Motion be granted, and that the TAC be dismissed without leave to amend.

**STANDARD OF REVIEW**

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

---

[2] On September 21, 2009, plaintiff filed a "Notice of Supplemental Memorandum of Points and Authorities to Defendants [sic] Motion to Dismiss the Third Amended Complaint" ("Supp. Auth."). Because plaintiff failed to seek leave of Court to file supplemental points and authorities as is required by the Federal Rules of Civil Procedure, the Court advised plaintiff in a Minute Order of October 1, 2009, that it would not consider the Supp. Auth. in ruling on defendant's Motion. The Court, however, has examined plaintiff's Supp. Auth., and it appears primarily to assert the incorrect argument that defendant is unable to raise plaintiff's purported failure to exhaust in a motion to dismiss. Failure to exhaust, however, is "subject to an unenumerated Rule 12(b) motion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. International Long-shoremen's and Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988)). Further, in his Opposition, plaintiff appears to be raising additional claims pursuant to state law. (See Opp. at 8-9). Because an opposition is not an appropriate place for a plaintiff to raise additional claims, and in view of the Court's recommendation, below, that plaintiff's federal claims be dismissed without leave to amend, the Court recommends that supplemental jurisdiction be declined over any possible state law claims plaintiff may be purporting to allege against any of the named defendants. See 28 U.S.C. § 1367(c)(3)(if the district court has dismissed all claims over which it has original jurisdiction, the court has discretion to decline supplemental jurisdiction over plaintiff's state law claims); see also Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California, 24 F.3d 1545, 1555-56 (9th Cir. 1994); Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991).

(9th Cir. 1990). Since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Further, in determining whether the Complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, with respect to plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. ... Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'." (citing Twombly, 550 U.S. at 570)).

## DISCUSSION

### I. Plaintiff's TAC still fails to state a claim under the Eighth Amendment against the LACSD, Sheriff Baca, or defendant McKoun.

In his TAC, plaintiff alleges the following facts pertaining to his claim that defendants allegedly provided inadequate medical care: (1) "plaintiff was denied adequate medical care, and care to treat a handicapp [sic] legally blind person requiring grooming, feeding, bathing, and clothing assistance while detained by defendant Baca" (TAC at 5); (2) plaintiff was "denied medical treatment" (TAC at 6, 7); (3) Sheriff Baca "received plaintiff into his custody" and "was advised by [the] California Department of Corrections [that] plaintiff was under care of [a]

psychiatrist" but plaintiff's documents were lost (TAC at 7); and (4) "plaintiff was denied medication for over 28 days and suffered severe brain damage" (TAC at 6, 7).

In order to establish an Eighth Amendment claim based on inadequate medical care, plaintiff must show that a specific defendant was deliberately indifferent to his serious medical needs. See Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate indifference to the serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. See McKinney, 509 U.S. at 32; Estelle, 429 U.S. at 104; McGuckin, 974 F.2d at 1059. Deliberate indifference may be manifested by the intentional denial, delay or interference with the plaintiff's medical care, or by the manner in which the medical care was provided. See Estelle, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059. However, the defendant must purposefully ignore or fail to respond to the plaintiff's pain or medical needs. See McGuckin, 974 F.2d at 1060. Plaintiff must allege that, subjectively, defendants had a "sufficiently culpable state of mind" when they refused medical care. Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (quoting Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)). The defendant must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Thus, an inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. See Estelle, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1985).

Moreover, a determination of "deliberate indifference" must involve an examination of the seriousness of plaintiff's medical need. "[D]eliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" McGuckin, 974 F.2d at 1059 (citing Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (citing Estelle, 429 U.S. at 104). Indications of such a need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Id. at 1059-60.

Here, to the extent that plaintiff is purporting to raise any claims pertaining to the alleged failure by defendants to provide adequate medical care, plaintiff has failed to name any responsible jail officials. To state a claim against a particular defendant in his or her individual capacity for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. See Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Thus, supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there

was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See id. at 1446-47. As recently stated by the Supreme Court, "in a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each government official, his or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Further, to premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Finally, to the extent that plaintiff is attempting to state a claim against the LACSD, Sheriff Baca, or any sheriff's deputy in his or her official capacity, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, supra. Further, a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Department of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The local government entity may not be held liable for the acts of its employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance,

regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged action was "pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91; see also Redman, 942 F.2d at 1443-44. Thus, plaintiff cannot state a claim against any defendant herein in his or her official capacity, or against the LACSD, unless he sufficiently alleges that: (1) he was deprived of his constitutional rights by defendant and its employees acting under color of state law; (2) defendant has a custom or policy that amounts to "deliberate indifference" to plaintiff's constitutional rights; and (3) defendant's custom or policy was the "moving force behind the constitutional violation[s]." Lee v. City of Los Angeles, 250 F.3d 668, 681-82 (9th Cir. 2001).

In his TAC, plaintiff names Sheriff Baca as a defendant, but plaintiff once again fails to allege that Sheriff Baca was personally involved in any of the alleged constitutional deprivations, nor has plaintiff identified any particular policy or policies promulgated by Sheriff Baca that allegedly had a direct causal link to the alleged failure to provide adequate medical care. Plaintiff raises numerous allegations pertaining to policies allegedly established or promulgated by Sheriff Baca, but even accepting plaintiff's allegations of material fact as true and construing them in the light most favorable to plaintiff, all of these policies pertain to the LACSD's failure to provide an adequate administrative review system for detainees. (See, e.g., "Baca intentionally denied a procedural means of remedy to apply for a reasonable accommodation for a known disability" (TAC at 5); Baca permitted "inmates to be denied a procedural means of due process of law to receive a notice of instructions, polices, or procedures [on] how to request dental care, optometry care, medical care, and refused to institute a policy that would inform inmates of a time limit to file grievances or appeal and had no forms available to plaintiff" (TAC at 6); Baca "ratified a custom or policy that would tolerate all sheriff deputies to ignore inmates request [sic] for complaint forms and denied plaintiff a procedural remedy to request

medical attention" (TAC at 6); Sheriff Baca's polices "failed to allow plaintiff to use a specified grievance procedure of [sic] appeal process that was documented or clearly annotated and comprehensibly written" (TAC at 8); Baca's polices "failed to provide institutional and/or departmental staff to provide assistance necessary to ensure that inmates who are disabled or handicapped ... would have access to appeal/grievances" (TAC at 8)).

Despite having previously been advised by the then-assigned Magistrate Judge's "Order Granting Defendants' Motions to Dismiss" and again in the "Memorandum and Order Granting Motion to Dismiss with Leave to Amend" that the allegations in his Complaint and First Amended Complaint were insufficient to state a claim against Sheriff Baca in his individual capacity because plaintiff failed to allege that Sheriff Baca was personally involved in the alleged constitutional deprivations, plaintiff still has failed to remedy this deficiency. Although plaintiff's TAC includes vague references to Sheriff Baca's policies that resulted in an alleged failure to have "forms" available on which a detainee could request medical care, plaintiff raises no factual allegations that plaintiff personally requested medical care in any manner or sought any form on which to request medical care during his detention. Further, plaintiff has altogether failed to allege that any policy promulgated by Sheriff Baca caused the constitutional violation of which he complains. Moreover, plaintiff has failed to raise any allegations that any action taken by, or policy promulgated by, Sheriff Baca was the cause of plaintiff having been "denied medication for over 28 days." (TAC at 6). Accordingly, the Court finds that plaintiff's factual allegations against Sheriff Baca in his individual capacity are insufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In addition, to the extent that plaintiff may be purporting to raise a claim under the Eighth Amendment against Sheriff Baca in his official capacity or against the LACSD, plaintiff merely raises vague allegations such as that the unspecified facility in which he was being held "had no forms available for plaintiff to use to demand

necessary medical treatment" (TAC at 6), and that Sheriff Baca allowed a custom for Sheriff Deputies to "ignore inmates['] request [sic] for complaint forms" (TAC at 6). Even accepting these allegations as true, plaintiff has failed to allege that the LACSD had in place any custom or policy that amounted to deliberate indifference to plaintiff's constitutional rights. Nor has plaintiff raised any reasonable inference that any alleged custom or policy pertaining to the availability of complaint forms was the "moving force behind" the alleged unconstitutional deprivation of plaintiff's medication. Lee, 250 F.3d at 681-82. Accordingly, the Court finds that the allegations of plaintiff's TAC fail to state a claim pursuant to the Eighth Amendment against the LACSD or against any LACSD official in his or her official capacity.

Moreover, although plaintiff has added J. McKoun[3] as a defendant in the TAC, plaintiff raises no factual allegations that defendant McKoun did an affirmative act, participated in another's affirmative act, or failed to perform an act which he was legally required to do that allegedly caused the constitutional deprivation of which plaintiff complains. The only specific allegation against McKoun is that he was "given" a grievance that plaintiff filed pertaining to plaintiff's allegedly inadequate medical care and "did nothing about it." (TAC at 7). However, the mere participation of McKoun in plaintiff's administrative grievance process is an insufficient basis on which to state a federal civil rights claim against the defendant. See, e.g., George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible and that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the

---

[3] Although McKoun has not been served herein and is not a party to Motion, the Court has screened the TAC with respect to the allegations against McKoun in accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA") for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under § 1983); Wright v. Shapirshteyn, No. CV 1-06-0927-MHM, 2009 WL 361951, *3 (E.D. Cal. Feb. 12, 2009) (noting that "where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983"); Velasquez v. Barrios, No. 07cv1130-LAB (CAB), 2008 WL 4078766, *11 (S.D. Cal. Aug. 29, 2008) ("An official's involvement in reviewing a prisoner's grievances is an insufficient basis for relief through a civil rights action.").

The Court therefore finds that plaintiff's allegations in the TAC are insufficient to state a claim under the Eighth Amendment against any defendant.

**II. Plaintiff's allegations are insufficient to state a claim under the ADA.**

Plaintiff purports to be alleging a claim pursuant to the ADA for failure to provide "reasonable accommodation for a known disability as [a] legally blind person." (TAC at 5).[4] Plaintiff, however, altogether fails to set forth any factual allegations pertaining to the way in which the accommodations he was provided during his brief detention were inadequate. Plaintiff merely alleges that Sheriff Baca "denied handicapp [sic] disabled inmates access to safe living conditions by housing a legally blind plaintiff in path of travel of [sic] stairs, and to be housed where no staff

---

[4] The Court notes that, to the extent that plaintiff's claims pursuant to the ADA may arise from the alleged failure of the LACSD to provide disabled detainees with an adequate grievance procedure, defendants have adduced evidence, discussed below, in connection with their unenumerated Rule 12(b) motion with respect to the issue of exhaustion that plaintiff lodged six inmate complaints during the period between September 29, 2006 and October 27, 2006. (See Decl. Shilinga ¶¶ 9, 12, Ex. A). In deciding such a Motion, "the court may look beyond the pleadings and decide disputed issues of fact." See Wyatt, 315 F.3d at 1120.

monitor's [sic] the dwelling place of a blind inmate." (TAC at 6).

A. Federal law

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. To establish violation of Title II of ADA, a plaintiff must show that: (1) he or she is a qualified individual with a disability; (2) he or she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his or her disability. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Although the term "public entity" includes state prisons, see Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998), it does not include individuals being sued in their individual capacities. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (plaintiff cannot sue state officials in their individual capacities to vindicate rights created by Title II of the ADA); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc) (plaintiff cannot sue government actors in individual capacities for the alleged violations of the ADA). Moreover, the ADA applies to the Los Angeles County Jails' services, programs, and activities for detainees. See Pierce v. County of Orange, 519 F.3d 985, 1008 (9th Cir.) (as amended), cert. denied, 129 S. Ct. 597 (2008).

In addition, to recover monetary damages under Title II of the ADA, a plaintiff must establish intentional discrimination on the part of the public entity. See Mark H. v. Lemahieu, 513 F.3d 922, 938 (9th Cir. 2008) ("a public entity can be liable for damages under §504 if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons"); Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001); Ferguson v. City of Phoenix,

157 F.3d 668, 674 (9th Cir. 1998).

B. Application

First, to the extent that plaintiff may be purporting to allege a claim pursuant to the ADA against Sheriff Baca (or any other LACSD official) in his individual capacity, plaintiff may not raise a claim pursuant to the ADA against a public official in his or her individual capacity. See Vinson, 288 F.3d at 1156.

Further, to the extent that plaintiff may be purporting to allege that the LACSD violated the ADA by failing to provide adequate medical treatment for his disabilities, such a claim does not fall within the provisions of the ADA. See, e.g., Alexander v. Tilton, 2009 WL 464486, at *7, 2009 U.S. Dist. LEXIS 20179 (E.D. Cal. Feb. 24, 2009) (collecting cases and noting that "other courts have found that the ADA and [the Rehabilitation Act] do not create a federal cause of action for prisoners challenging the medical treatment provided for their underlying disabilities"); Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (holding that claims pursuant to the ADA or the Rehabilitation Act "cannot be based on medical treatment decisions"); Grzan v. Charter Hosp. of Northwest Indiana, 104 F.3d 116, 121-22 (7th Cir. 1997) ("Allegations of discriminatory medical treatment do not fit into the four-element framework required by section 504 [of the Rehabilitation Act].").

Finally, to the extent that plaintiff may be purporting to raise a claim pursuant to the ADA against Sheriff Baca in his official capacity or against the LACSD, plaintiff's TAC fails to sets forth any factual allegations that he was excluded from participation in, or otherwise discriminated against with regard to, any services, programs, or activities, or that such exclusion or discrimination was by reason of his disability. Although plaintiff vaguely alleges that he was at some point during his

brief detention by the LACSD[5] housed in an unspecified situation where he was "in path of travel of stairs" and were he was not "monitored" by staff, plaintiff does not state any facts from which it could reasonably be inferred that plaintiff sought any more appropriate housing, or that his housing was assigned or denied intentionally because of his disability. Although the court must construe a pro se plaintiff's complaint liberally, plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Accordingly, the Court finds that plaintiff's allegations fail to state a claim for monetary damages pursuant to the ADA against any defendant.

C. Additionally, plaintiff failed to exhaust his administrative remedies

Defendant Baca contends that plaintiff failed to exhaust his administrative remedies with respect to his claims pursuant to the ADA. (See Motion Mem. at 11-12). In his Opposition, plaintiff contends that he did exhaust his ADA claim, and that evidence is attached to his declaration as Exhibits D and E. (See Opp. at 12-34).

1. The exhaustion of administrative remedies requirement

As part of the PLRA, Congress amended and strengthened the requirement that prisoners pursuing civil rights claims under 42 U.S.C. § 1983, or another federal

---

[5] Plaintiff's TAC lists one date–September 29, 2007–as the date of the violations, but his attached exhibits indicate that the alleged discrimination in violation of the ADA occurred between September 29, 2007 and October 29, 2007. (See TAC at 3, Ex. B). As set forth above, however, the records of the LACSD indicate that plaintiff was detained between September 29, 2006 and October 27, 2006.

statute,[6] must first exhaust administrative remedies. As amended, 42 U.S.C. § 1997e (a) provides:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The Supreme Court has held that the PLRA requires a prisoner to complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the prisoner seeks money damages and such relief is not available under the administrative process. See Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Moreover, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Thus, the exhaustion requirement applies to all prisoners seeking redress for any complaint concerning prison conditions or occurrences. See Porter, 122 S. Ct. at 986; see also Jones v. Bock, 549 U.S.199, 127 S. Ct. 910, 166 L. Ed. 2d 798, 810 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

The Supreme Court also has held that §1997e(a) creates an affirmative defense and, therefore, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." See Jones, 127 S. Ct. at 921. Further, the Ninth Circuit has long held that defendants have the burden of raising and proving plaintiff's failure to

---

[6] The PLRA's exhaustion requirement applies equally to claims raised pursuant to the ADA. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007) (holding that "the PLRA requires administrative exhaustion of ADA and Rehabilitation Act claims").

exhaust. See Wyatt, 315 F.3d at 1119. In addition, it is clear that "§1997e(a) requires exhaustion **before** the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (emphasis added); see also Woodford v. Ngo, 548 U.S. 81, 93-94, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006) ("PLRA requires that a prisoner exhaust administrative remedies before submitting any papers to the federal court"); Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005) ("a prisoner may not proceed to federal court while exhausting administrative remedies"). If a prisoner has not completed his administrative remedies before filing his federal suit, the court must dismiss the action without prejudice to the prisoner filing a new action after he has completed his administrative remedies. See McKinney, 311 F.3d at 1200-01. Finally, a prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." See Ngo, 126 S. Ct. at 2384.

Further, because the PLRA exhaustion requirement is not jurisdictional, the Ninth Circuit held in Wyatt that a failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion." Wyatt, 315 F.3d at 1119 (citing Ritza, 837 F.2d at 368). Here, defendants have filed an unenumerated Rule 12(b) Motion with respect to the issue of exhaustion. In deciding such a motion, "the court may look beyond the pleadings and decide disputed issues of fact." See Wyatt, 315 F.3d at 1120.

2. The exhaustion procedure for the Los Angeles County Jails

According to the evidence adduced by defendants, the administrative remedy procedure for inmates in the custody of the LACSD is initiated when an inmate deposits an inmate complaint form (or any written complaint) in one of the "Inmate Complaint" boxes located in each area of inmate housing, or when he hands the

complaint to any staff employee. If the inmate is not satisfied with the response to his initial complaint, he may appeal to the Watch Commander and then to the Captain/Unit Commander. After reviewing the investigation into the inmate's complaint, the Watch Commander forwards the complaint to the Complaint Coordinator, who then is responsible for entering the data pertaining to the complaint into the "Facilities Automated Statistical Tracking System." (See Decl. Shilinga ¶¶ 3-7).

3. The record of plaintiff's administrative grievances

Defendants have adduced evidence that plaintiff was processed by the LACSD at the County of Los Angeles Inmate Reception Center on September 29, 2006. He was transferred to the Twin Towers Correctional Facility on October 2, 2006, where he was held until his release by the LACSD into the custody of the Tehachapi California Correctional Institute on October 27, 2006. (See Decl. Shilinga ¶ 9).

During his detention by the LACSD, six inmate complaints were lodged by plaintiff or on plaintiff's behalf by the American Civil Liberties Union ("ACLU"). (See Decl. Shilinga ¶¶ 12, 14, Ex. A). Each of plaintiff's grievances raised issues pertaining to the denial of blood pressure and psychotropic medication. (See Decl. Shilinga ¶ 12). None of the grievances mentioned any deprivation of service or accommodation pertaining to plaintiff's handicaps. (See Decl. Shilinga ¶ 12). The exhibits attached to Shilinga's Declaration reflect that plaintiff filed four grievances that were described at least in part as "medical services" or "mental health services," and two additional grievances described as "release info/sentence." (See Decl. Shilinga, Ex. A). Of the grievance forms that are attached, four reflect plaintiff's complaints concerning the failure to receive his mediation and other "medical attention." (See Decl. Shilinga, Ex. A at 19-24, 26-33). None of the grievances mention any disability, nor raise plaintiff's allegations that he was denied accommodations or services because of any disability.

In his Opposition, plaintiff contends that the LACSD lacked the necessary forms for a visually-impaired person to file a grievance and that "all six complaint's [sic] retained by Baca was [sic] filed on behalf of [plaintiff] by the American Civil Liberties Union." (See Opp. at 7). Plaintiff argues that he "was unable to submit a grievance." (See Opp. at 17). Further, plaintiff contends he has adduced evidence that he exhausted his claims as his Exhibits D and E. (See Opp. at 6). Plaintiff's Exhibit D consists of copies of undated letters that plaintiff appears to have written to the Federal Bureau of Investigation and to Senator Barbara Boxer pertaining to the denial of medication while he previously was detained by the LACSD. (See Opp., Ex. D). Plaintiff's Exhibit E is a request that plaintiff made to the LACSD seeking documentation regarding information provided to inmates. (See Opp., Ex. E). In addition, plaintiff's Exhibit B includes a form complaint to the United States Department of Justice pertaining to a complaint under the ADA regarding plaintiff's confinement in the "Men's Central Jail," between September 29, 2007 and October 29, 2007. Plaintiff dated that form on October 17, 2007 and states that he also filed a complaint with the "Commission of Civil Rights" on October 10, 2007. (See Opp., Ex. B, B-2 to B-4). Plaintiff's Exhibit C consists of a disability complaint form that appears to pertain to plaintiff that is dated August 19, 2008. (See Opp., Ex. C).

4. Application

The Court concurs with defendant Sheriff Baca that plaintiff has failed to exhaust his claim that defendants failed to provide reasonable accommodations for plaintiff as a blind or disabled detainee. The uncontested evidence reflects that plaintiff successfully filed numerous administrative grievances while detained by the LACSD. None of these grievances mention any failure by defendants to accommodate any type of disability. Although plaintiff argues in his Opposition that all of his complaints were filed by the ACLU and not by plaintiff, plaintiff's own evidence belies this. Attached to his Opposition as part of his Exhibit A are copies of

two "Inmate Complaint Forms," each of which was written in the first person by an inmate purporting to be plaintiff; both pertain to plaintiff's claim that he was denied medication. (See Opp., Ex. A; see also Decl. Shilinga, Ex. A at 21-24, 30-33). Further, the LACSD entered complaints it received on plaintiff's behalf by the ACLU and investigated those complaints as if they had been filed by plaintiff. (See Decl. Shilinga, Ex. A at 18-20, 26, 29). Plaintiff, however, failed to notify the LACSD in any of his grievances that he believed that he was being denied reasonable accommodations for his disabilities.

As the Ninth Circuit recently clarified, "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see also Jones, 549 U.S. at 203 ("Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."). The Ninth Circuit further clarified that a grievance "need not contain every fact necessary to prove each element of an eventual legal claim," but it must "provide notice of the harm being grieved." Griffin, supra. As the Supreme Court has emphasized, proper compliance with the institution's grievance procedures is all that is required to satisfy the exhaustion requirement of the PLRA. See Jones, 127 S. Ct. 910, 922-23. Here, the uncontested evidence reflects that defendants did not receive notice that plaintiff was being harmed by any failure to accommodate his disabilities. Plaintiff's exhibits to his Opposition are of no avail. The letters to outside agencies reflected in plaintiff's Exhibits D and E neither satisfy the requirement that plaintiff comply with the institute's rules for its grievance procedure, nor provide notice to LACSD officials of plaintiff's purported harm. Further, plaintiff's Exhibits B and C that do reflect complaints plaintiff lodged with outside agencies pertaining to plaintiff's disability were filed in October, 2007, and August, 2008, both long after plaintiff had initiated his federal civil rights case herein. It long has been clear that "§1997e(a) requires exhaustion **before** the filing of a complaint and that a prisoner does not comply with

this requirement by exhausting available remedies during the course of the litigation." McKinney, 311 F.3d at 1199.

Accordingly, the Court finds that plaintiff failed to comply with the requirements of §1997e(a) that he exhausted his administrative remedies before filing a federal civil rights complaint.

**III. Plaintiff's cannot state a federal civil rights claim for failure to provide an adequate grievance procedure.**

To the extent that plaintiff may be purporting to state a claim pursuant to the Due Process Clause of the Fourteenth Amendment against defendants based on their alleged failure to properly address or process his administrative grievances, or their alleged failure to provide adequate forms or instructions on which to raise his grievances, plaintiff's allegations are insufficient to state a federal civil rights claim. Plaintiff has no constitutional right to an effective grievance or appeal procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."). Moreover, the guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); Erickson v. United States, 67 F.3d 858, 861 (1995). A state's inmate administrative appeal system does not implicate a liberty interest protected by the Due Process Clause. See, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).

**IV. The TAC should be dismissed without leave to amend.**

Because plaintiff is appearing herein pro se, he must be given leave to amend his TAC unless it is absolutely clear to the Court that the deficiencies of the TAC cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). As discussed above, the court has on two prior occasions advised plaintiff that his allegations were insufficient to state a claim against Sheriff Baca because plaintiff failed to allege that Sheriff Baca was personally involved in the alleged constitutional deprivations. Because plaintiff repeatedly has failed to remedy the deficiencies in his claims pursuant to the Eighth Amendment after being provided with opportunities in which to do so, it has become absolutely clear to the Court that plaintiff cannot cure the deficiencies in his TAC by amendment. Further, as is discussed above, plaintiff failed to exhaust his administrative remedies with respect to any claims pursuant to the ADA prior to filing suit herein. Accordingly, leave to amend this claim would be futile. See, e.g., Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile.").

The Court therefore recommends that defendant's Motion be granted and that plaintiff's TAC be dismissed without leave to amend.

**RECOMMENDATION**

The Court therefore recommends that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting defendant's Motion to Dismiss; and (3) directing that Judgment be entered dismissing this action without leave to amend and with prejudice.

DATED: December 2, 2009

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT “B”

CLERK, U.S. DISTRICT COURT
JAN - 7 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY
1:03

FILED
CLERK, U.S. DISTRICT COURT
JAN 3 1 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY
SEND
2:08

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| INMATE # K-89434 RONNIE O. BROWN PLAINTIFF(S) v. DEPARTMENT ADULT PAROLE OPERATIONS, ET AL. DEFENDANT(S) | CASE NUMBER EDCV08- 11 (JWJ) |
|---|---|
| | **ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE** |

**IT IS ORDERED** that the complaint**be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of 350.00. An initial partial filing fee of $ ________ Must be paid within thirty (30) days of the date this is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

________________________ Date

________________________ United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is: filing fee be**DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☑ Legally and/or factually patently frivolous
- ☐ Failure to authorize disbursements from prison trust account to pay filing fee
- ☐ Other: ________________________
- ☐ District Court lacks jurisdiction
- ☐ Immunity as to ________________
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.

Comments:

January 10, 2008
Date

[signature]
United States Magistrate Judge

---

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:

☐ **GRANTED** ☑ **DENIED (See comments above).**

JAN 1 6 2008
Date

[signature]
United States District Judge

Ronnie O. Brown
FULL NAME

14901 central ave
COMMITTED NAME (if different)

Chino, CA 91710
FULL ADDRESS INCLUDING NAME OF INSTITUTION

K-09434
PRISON NUMBER (if applicable)

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT
JAN 31 2008
2:08
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Ronnie O. Brown

PLAINTIFF,

v.

Dept Adult Parole operations, Ricardo Pena, F. Sommers, Jon-Jane Doe Regional adm. et al

DEFENDANT(S).

CASE NUMBER
EDCV08-0011 (JWJ)
*To be supplied by the Clerk*

CIVIL RIGHTS COMPLAINT
PURSUANT TO *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☐ No

2. If your answer to "1." is yes, how many? ____________

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

LODGED
CLERK, U.S. DISTRICT COURT
JAN -7 2008
1:03
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT
DEC 10 2007
5
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

a. Parties to this previous lawsuit:
Plaintiff ______

Defendants ______

b. Court ______

c. Docket or case number ______

d. Name of judge to whom case was assigned ______

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) ______

f. Issues raised: ______

g. Approximate date of filing lawsuit: ______

h. Approximate date of disposition ______

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes ☐ No

   If your answer is no, explain why not ______

3. Is the grievance procedure completed? ☐ Yes ☐ No

   If your answer is no, explain why not ______

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION 28 U.S.C §1391

This complaint alleges that the civil rights of plaintiff Ronnie O. Brown
(print plaintiff's name)

who presently resides at 14901 Central Ave Chino, CA 91710,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

California Institution for Men-chino
(institution/city where violation occurred)

on (date or dates) 03-12-07 (Claim I), ______ (Claim II), ______ (Claim III).

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant RICARDO PENA (full name of first defendant) resides or works at
14090 PARK AVE VICTORVILLE, CA 92392 (full address of first defendant)
PAROLE AGENT - PEACE OFFICER (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:

peace officer

2. Defendant F. SOMMERS (full name of first defendant) resides or works at
14040 PARK AVE VICTORVILLE, CA 92392 (full address of first defendant)
parole Agent - peace officer (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:

peace officer

3. Defendant NO. 1 - Jon - Jane Doe Warden Fulsum State Prison (full name of first defendant) resides or works at
______ (full address of first defendant)
warden - peace officer (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:

4. Defendant K. Thacker resides or works at
(full name of first defendant)

(full address of first defendant)

Appeals Coordinator. Peace Officer
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:

5. Defendant No-2 John - Jane Doe District Manager resides or works at
(full name of first defendant)

14040 Park Ave Victorville, CA 92392
(full address of first defendant)

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

Right To freedom of assocation and free speech with denial of proceedural due process of Law

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

(1) on or about march 12, 2007 I was informed That I couldn't employee, contact, or correspond with my son whom I was Legal Guardian over. Ricardo pena. F. Sommer's parole agents Restricted my freedom of speech, movements, And Right To parental Relationship. without lawful means BUT utilized A Repealed underground Rule, Regulation, or administrative procedure To deny my contact with my son. which caused a deterioration in our Relationship.

(2) K. Thacker appeals coordinator denied procedural due process To appeal The condition of parole and Refused To process The appeal To The Third Level and Conspired with Jeff faggot To deny The parental Rel

**If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

By means of usage of A Repealed Underground Rule, and procedure.

(3) #1 Jon-Jane Doe warden folsom state prison condone, Tollerated and allowed mailroom STAFF TO circumvent procedures outlined By administrative law TO Confiscate mail Restrict Correspondence, Restrict Freedom of Speech, without Notice of witholding of mail, or Right To Appeal The action Taken.

(4) The DISTRICT manager for Reg IV #2 Jon-Jane doe allowed Condoned, Tollerated, Employee misconduct By Ricardo Pena, F. Sommer's To violate stipulated INJUCTIVE COURT order's of procedural due process of Valdivia V. Swarzenagger. To cause Mr. Brown To suffer Loss of his residence, Clothing, and Livelyhood due To Racism and hatered motivated and Instilled against Afro americans By Victorville parole UNIT.

(5) plainff Realleges and reincorporates paragraph 1-4 as The moving force and Legal proximate cause to all of plaintiff sustained Injuries.

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

(1) Demand The Sum of $550,000 IN Damages for and against each named named defendant.

(2) Demand TRial By Jury.

(3) Comphensatory nominal Special damages including punitive damages award.

(4) Declaratory Relief

(5) Any further order Just issued By the Court.

12/6/07
(Date)

(Signature of Plaintiff)

# EXHIBIT "C"

LODGED

2008 SEP 19 PM 12:21

FILED

2008 OCT -6 AM 10:59

U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY [signature]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

INMATE #
K-89434
RONNIE O. BROWN

PLAINTIFF(S)

v.

COUNTY OF SAN BERNARDINO ALTERNATIVE DEFENSE PANEL, BRANDON WOODS ET AL

DEFENDANT(S)

CASE NUMBER

EDCV08- 1295 (JWJ)

## ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

**IT IS ORDERED** that the complaint**be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ ________ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

________________________
Date

________________________
United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☐ Failure to authorize disbursements from prison trust account to pay filing fee
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ Other:________
- ☐ District Court lacks jurisdiction
- ☐ Immunity as to ________
- ☑ Legally and/or factually patently frivolous

Comments: *Plaintiff is attempting to make a civil rights claim against his court appointed attorney. No allegations of collusion or complicity between attorney and state.*

*September 19, 2008*
Date

[signature]
United States Magistrate Judge

---

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is: ☐ **GRANTED** ☑ **DENIED (See comments above).**

OCT - 2 2008
Date

[signature]
United States District Judge

Full Name
Brown, Ronnie O.

Committed Name (if different)
2737 W. Cecil ave
P.O. Box 5?1

Full Address Including Name of Institution
Delano CA 93216

K-89734

Prison Number (if applicable)

RECEIVED AND RETURNED
CLERK U.S. DISTRICT COURT
OCT - 6 2008
CENTRAL DISTRICT OF CALIFORNIA
BY CP DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Ronnie O. Brown

Plaintiff,

vs.

County of San Bernardino alternative Defense panel Brandon Woods et al

Defendants(s).

Case No. CV ED 08 - 1295 (J
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO (check one)

☑ 42 U.S.C. § 1983.

550

or

☐ Bivens v. Six Unknown Agents
403 U.S. 388 (1971)

A. PREVIOUS LAWSUITS

1) Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☐ No

2) If your answer to A is yes, how many? ______ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

LODGED
CLERK, U.S. DISTRICT COURT
SEP 19 2008
CENTRAL DISTRICT OF CALIFORNIA
BY CP DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 17 2008
CENTRAL DISTRICT OF CALIFORNIA
BY CP DEPUTY

a. Parties to this previous lawsuit:

Plaintiff ______

Defendants ______

b. Court ______

c. Docket or case number ______

d. Name of judge to whom case was assigned ______

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) ______

f. Issues raised: ______

g. Approximate date of filing lawsuit ______

h. Approximate date of disposition ______

B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1) Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?
☐ Yes ☐ No

2) Have you filed a grievance concerning the facts relating to your current complaint?
☐ Yes ☐ No

If your answer is no, explain why not ______

3) Is the grievance procedure completed?
☐ Yes ☐ No

If your answer is no, explain why not ______________________________

4) Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION 28USC2243(c)(3)-(4)

This complaint alleges that the civil rights of plaintiff Ronnie O. Brown
(print plaintiff's name)

who presently resides at 2737 W. Cecil ave Delano Ca
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at Victorville Ca
(institution/city where violation occurred)

on (date or dates) ____________, ____________, ____________.
(Claim I) (Claim II) (Claim III)

(You need not name more than one defendant or allege more than one claim; however, make a copy of this page to provide the information below if you are naming more than five (5) defendants.)

1) Defendant Brandon woods
(full name of first defendant)
resides or works at
[illegible] Dr Victorville, Ca
(full address of first defendant)
, and is employed as
attorney at law
(defendant's position and title, if any)

The defendant is sued in his/her: ☐ individual ☐ official capacity. (Check one or both).

Explain how this defendant was acting under color of law:

Municipality

2) Defendant ______________________________
(full name of second defendant)
resides or works at

______________________________ (full address of second defendant), and is employed as ______________________________ (defendant's position and title, if any)

The defendant is sued in his/her: ☐ individual ☐ official capacity. (Check one or both).

Explain how this defendant was acting under color of law:

______________________________

______________________________

3) Defendant ______________________________ (full name of third defendant) resides or works at ______________________________ (full address of third defendant), and is employed as ______________________________ (defendant's position and title, if any)

The defendant is sued in his/her: ☐ individual ☐ official capacity. (Check one or both).

Explain how this defendant was acting under color of law:

______________________________

______________________________

4) Defendant ______________________________ (full name of fourth defendant) resides or works at ______________________________ (full address of fourth defendant), and is employed as ______________________________ (defendant's position and title, if any)

The defendant is sued in his/her: ☐ individual ☐ official capacity. (Check one or both).

Explain how this defendant was acting under color of law:

______________________________

______________________________

5) Defendant ______ resides or works at
(full name of fifth defendant)

______ and is employed as
(full address of fifth defendant)

______
(defendant's position and title, if any)

The defendant is sued in his/her: ☐ individual ☐ official capacity. (Check one or both).

Explain how this defendant was acting under color of law:

______

## E. CLAIMS*

### CLAIM I

The following civil right has been violated:

______

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right].

plaintiff was appointed an attorney Brandon woods whom had NOT been trained To observe procedural process of attorney client

there is more than one claim, describe the additional claim(s) on another attached piece of paper using the outline.

Relationship, Lack Knowledge in Rule of professional Conduct and Business & proffessions and [illegible] plaintiff means of Communicating As A Legally Blind client. plaintiff was not allowed to communicate with attorney effectively, The attorney and County alternative Defense panel had no grievance procedure, would not except telephone calls from clients and gave no address. plaintiff was unable to inform the County counsel alternative Defense of his disability needs Concerns for Representation, cause he was blind. and no reasonable accomindations was afforded During any proceedings By Brandenburg's or The courts, cause plaintiff was Blind.

**F. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

1. Plaintiff Demands the Sum of 2 million dollars for on against each named [illegible] [illegible] damages
2. punitive Damages in amount of 6 million dollars for at against each named [illegible] for damages
3. Demand [illegible]
4. Declaratory Judgement [illegible]
5. Further Orders [illegible]

(Signature of Plaintiff)

9/10/08
(Date)

# EXHIBIT "D"

LODGED

2008 SEP 25 AM 11:35

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF.

BY

FILED CLERK, U.S. DISTRICT COURT OCT - 3 2008 9:00 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

INMATE #
K-89434
RONNIE O. BROWN

PLAINTIFF(S)

V.

LEE BACA, ET AL.

DEFENDANT(S)

CASE NUMBER

CV08- 6311 (JWJ)

**ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE**

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ ________ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

________________
Date

________________
United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☐ Failure to authorize disbursements from prison trust account to pay filing fee
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ Other: ________________
- ☐ District Court lacks jurisdiction
- ☐ Immunity as to ________________
- ☑ Legally and/or factually patently frivolous

Comments: Plaintiff's allegations on their face do not state a viable civil rights claim. Based on plaintiff's extensive case filings in this district, it is clear that plaintiff has had substantial and unfettered access to the court.

Sept. 26, 2008
Date

United States Magistrate Judge

---

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is: ☐ **GRANTED** ☑ **DENIED (See comments above).**

OCT - 2 2008
Date

United States District Judge

Ronnie O. Brown
K-89434
2737 W. cecdave
Delano, CA 93215
In Pro Se

2254 ___ 1983 ✓
FILING FEE PAID
Yes ___ No ✓
IFP MOTION BEING
Yes ✓ No ___
COPIES SENT TO
Court ✓ ProSe ___

FILED
AUG 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT
OCT - 3 2008
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

2008 SEP 25 AM 11:36
CLERK ... COURT
CENT ... CALIF.
BY ___

ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV08-6311 (JWJ)
'08 CV 1580 BEN PCL

| | |
|---|---|
| Ronnie O. Brown, plaintiff. v. Lee Baca, LA. CO. Sheriff, Lawrence, Beach, Allen, Choi, Arron M. Fontana attorney's at law. et Defendants | Case NO. Case Civil Rights Complaint 42 U.S.C § 1981, 1983, 1985 UN Ruh Act C.I.C. § 1417, 52 |

I.
Parties

1. Ronnie O. Brown is a state prisoner and a Competent aldult and United States Citizen of america and current Resident of CA, Located 2737 W. Cecila Delano, Ca 93215 Lee Baca is The Los Angeles county Sheriff, strickland, Lawrence, Beach, All[illegible] Choi, and arron M. fontana are Retained counseL Representing LEE Baca sheeiff and County of Los Angeles. a[illegible] current Residents of Los Angels County.

## II
## Introduction

2. This is A civil rights Complaint coming under 42 U.S.C§ 1981, 1983, and 1985 For civil rights violation by persons acting under color of Law and/or private persons whom has conspired To deny The equal protections of Laws, Constitutions, Treaties, and/or priveleges and immunities from giving effect, while working as An attorney for Lee Baca sheriff L.A. County. Said Lawfirm did willfully unlawfully, and Recklessly, attempt To deny plaintiff A remedy of Relief To procedural Enforcement of The civil rights Act each of Them acting in concert.

## III
## Jurisdiction

3. 28 U.S.C § 1391(b) 28 U.S.C § 1393 (a)-(b), Federal Question Demand For Jury Trial.

## IV
## Statements of Claims

4. plaintiff is a legally blind State prisoner under ADA and Litigant To Brown vs Baca CV-07-00819 CAS JWJ, And on June 15, 2008 Arron M. fontanna having recieved written notice of A court order To Take all steps Necessary To assist plaintiff To have access To A court proceeding denied with disobedience The Court order and also denied documents requested by

Said individual Arron M. fontana and Lee Baca sheriff Both working in concert discriminated against the plaintiff cause he his blind and disobeyed the court order.

5. plaintiff was denied procedural assistance to a proceeding or denied equal protections of Laws To participate by filing Legal documents To a civil rights Act before a court because Retained attorneys Lawrence, Beach, Allen, Choic, and Arron fonTana Conspired Together To deny Equal protections of The Laws and without a reasonable assistance To A pretrial detain after ordered by a court To do so. plaintiff is legally Blind ordered by a doctor not reading fine print and defendant wouldn't assist. plaintiff Because of his handicapp of Being Blind after Requested By The plaintiff To help.

V
Relief

6.
1. plaintiff demands The Sum of $800,000 from each named defendant for conpensatory, nominal damages.
2. punitive Damages in The about of $10 millon dollars for and against each named defendant.
3. Demand By Jury
4. Declaratory Relief of plaintiff Rights
5. Just and further order By The Court.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILING FEE PAID Yes No
IFP MOTION FILED Yes No
COPIES/NTC SENT Court Pro Se

FILED
AUG 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

I (a) PLAINTIFFS

**Ronnie O. Brown**

DEFENDANTS

**Baca, et al**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Kern
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ronnie O. Brown
PO Box 4999
Delano, CA 93215
K-89434

ATTORNEYS (IF KNOWN)

'08 CV 1580 BEN PCL

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**42 U.S.C. 1983**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

CONTRACT: ☐ 110 Insurance; ☐ Marine; ☐ Miller Act; ☐ Negotiable Instrument; ☐ 150 Recovery of Overpayment &Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153Recovery of Overpayment of Veterans Benefits; ☐ 160 Stockholders Suits; ☐ Other Contract; ☐ 195 Contract Product Liability

REAL PROPERTY: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Eiectment; ☐ 240 Tort to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

TORTS — PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury-Medical Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

CIVIL RIGHTS: ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence Habeas Corpus; ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☒ 550 Civil Rights

FORFEITURE/PENALTY: ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC881; ☐ 630 Liquor Laws; ☐ 640 RR & Truck; ☐ 650 Airline Regs; ☐ 660 Occupational Safety/Health; ☐ 690 Other

LABOR: ☐ 710Fair Labor Standards Act; 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS - Third Party 26 USC 7609

OTHER STATUTES: ☐ 400 State Reappointment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce/ICC Rates/etc.; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 810 Selective Service; ☐ 850 Securities/Commodities Exchange; ☐ 875 Customer Challenge 12 USC; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State; ☐ 890 Other Statutory Actions

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE 8/28/2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~

[signature]